IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TERRY JEFFERSON,

    Petitioner,
v.	CASE NO. 4:15-cv-603-RH-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This case is before the Court on ECF No. 1, a *pro se* petition for a writ of habeas corpus, and ECF No. 6, the Respondent's response to the Petition, filed as a motion to dismiss the petition as time-barred. Petitioner has not filed a reply and the time for doing so has expired. For the following reasons, the undersigned recommends that the motion to dismiss be granted

### State-Court Proceedings

The procedural background of this case is established by the state court records appended to Respondent's motion. ECF Nos. 6, 6-1. The Petition stems from Petitioner's 2010 Leon County convictions for robbery with a firearm (Count 1) and possession of a firearm by a convicted felon (Count 2). The charges were severed prior to trial. Petitioner was

convicted of robbery with a firearm following a jury trial and sentenced as a prison releasee reoffender to life in prison.  ECF No. 6-1, Exh. H, I.  Petitioner subsequently pleaded guilty to the felon-in-possession charge and received a three-year concurrent sentence.[1]   The First DCA affirmed *per curiam* without opinion on July 15, 2011.  *Id*. Exh. N; *Jefferson v. State*, 65 So.3d 518 (Fla 1st DCA 2011).

Petitioner did not pursue further state-court remedies until September 2014, when he filed a motion to correct illegal sentence pursuant to Fla. R. Crim. P. 3.800(a).  ECF No. 6-1 Exh. S.  The motion was summarily denied on April 30, 2015.  *Id*. Exh. T.  Petitioner did not appeal.

Petitioner filed the instant federal habeas corpus petition on December 8, 2015.  ECF No. 1.  Petitioner seeks to assert four claims of ineffective assistance of trial counsel.  *Id*.  In the section of the petition form regarding "timeliness," Petitioner cites *Martinez v. Ryan*, 566 U.S. ___, 132 S.Ct. 1309 (2012) for the proposition that this he can obtain federal review of a procedurally defaulted claim upon a showing of cause and prejudice.  ECF No. 1 at 14.

## One-Year Limitation Period

Petitions filed after April 24, 1996, are governed by 28 U.S.C. § 2254,

---

[1] Petitioner's conviction for Count 2 is not at issue in this case.  *See* ECF No. 1.

as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA created a limitations period for petitions for writ of habeas corpus brought pursuant to § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  However, the AEDPA tolls the 1-year limitation period for the time during which a properly filed application for State postconviction or other collateral review is pending, and may be equitably tolled in appropriate "extraordinary circumstances." § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

## Discussion

Petitioner's conviction became final 90 days after July 15, 2011, on October 13, 2011, when the time for seeking certiorari review in the U.S. Supreme Court expired after his conviction was affirmed. *Nix v. Sec'y for the Dep't of Corrections*, 393 F.3d 1235, 1237 (11th Cir. 2004). Thus, Petitioner had until on or about October 15, 2012, to file a timely federal habeas corpus petition. Petitioner did not seek collateral relief in state court until September 5, 2014, and at that point the one-year federal limitations period had expired and there was nothing left to toll.

Contrary to Petitioner's assertion, *Martinez* affords him no relief. In *Martinez v. Ryan* the U.S. Supreme Court held that inadequate representation *at initial collateral review proceedings* may constitute cause to excuse a petitioner's procedural default on a claim for ineffective assistance of trial counsel. *Martinez*, 132 S.Ct. 1309, 1315 (2012). However, *Martinez* "has no application to the operation or tolling of the § 2244(d) statute of limitations." *Chavez v. Sec'y, Fla. Dep't of Corr.*, 742 F.3d 940, 943 (11th Cir. 2014) (citing *Arthur v. Thomas,* 739 F.3d 611, 630 (11th Cir. 2014)); *Lambrix v. Sec'y, Fla. Dep't of Corr.,* 756 F.3d 1246, 1249 (11th Cir. 2014) *cert. denied sub nom. Lambrix v. Crews,* 135 S.Ct. 64 (2014) and *cert. denied sub nom. Lambrix v. Jones,* 135 S.Ct. 1894

(2015).

For these reasons, it is clear that the Petition is untimely and should be dismissed.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

1. Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus, ECF No. 6, should be **GRANTED** and the petition for writ of habeas corpus, ECF No. 1, should be **DISMISSED**.

2. A certificate of appealability should be **DENIED.**

**IN CHAMBERS**  this 14th day of July 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.